STATE ex rel. CITY OF MINNEAPOLIS v. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY and Another.[1]

July 12, 1907.

Nos. 15,231—(186).

Information in the district court for Hennepin county for a writ of mandamus to compel defendant railway companies to erect and maintain a bridge over their tracks in Minneapolis. After the former appeal in the case mentioned in the opinion, the defendants amended their answer. At the opening of the trial before Dickinson, J., defendants moved for judgment on the pleadings, and the motion was denied. Defendants then objected to the admission of any evidence on the ground that no evidence was admissible under the

[1]Reported in 112 N. W. ——.

101 M.—35

pleadings, and the objection was overruled. When the evidence was closed, they moved for judgment in their favor, and that motion was denied. The court made findings and ordered that a peremptory writ issue. From the judgment entered pursuant to such order, defendants appealed. Affirmed.

*Rome G. Brown* and *Charles S. Albert*, for appellants.

*Frank Healy*, for respondent.

PER CURIAM.

This cause was before us on a former appeal and is reported in 98 Minn. 380 [108 N. W. 261]. That appeal was by the relator and from a judgment dismissing the proceedings. The judgment was reversed and a new trial ordered. A second trial resulted in judgment for relator, from which defendants appealed. The facts disclosed by the present record are in all substantial respects identical with those presented by the former record and the questions raised and discussed in the briefs are the same. Defendants urged on that appeal, as they do at this time, that to charge them with the uncompensated duty of constructing and maintaining the bridge in question would violate their constitutional rights, existing both under the state and the federal constitutions, in that it would deny them the equal protection of the law and operate to take from them their private property for a public use without compensation. Counsel call attention to section 2642, G. S. 1894, not cited on the former appeal, which provides in substance that the municipal authorities and railroad company may, in cases of this kind, "agree upon the manner and upon the terms and conditions" the street or highway may be used or occupied by the railroad company. This statute does not change the situation or legal rights of the parties in the least. A similar statute of the state of Ohio was construed by the supreme court of the United States in Wabash R. Co. v. Defiance, 167 U. S. 88, and doubt was expressed whether it applied to street crossings, but only to cases where the railroad "runs along and upon the street." But conceding that it did apply to the facts there involved, a street crossing case, the court went on and held that any previous arrangement made between the railroad company and the city was not irrevocable, and that the city could, in the exercise of its legislative power, vested and granted by the statutes of that state which conferred upon its council, as in the case at bar, supervision and control of the streets and highways within its limits, abandon and repudiate the same and require the railroad company to conform to such new regulations as public interests demanded. That case is on all fours with that at bar. A re-examination of all other questions tends only to confirm the views expressed in the former opinion, and for the reasons there given the judgment now under review is affirmed.